FILED

**NOT FOR PUBLICATION**

DEC 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50616 |
| Plaintiff - Appellee, | D.C. No. CR 08-515-GW |
| v. | |
| ALFRED BOTTA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 2, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District
Judge.[**]

   Defendant Alfred Botta conditionally pled guilty to one count of possession of

child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), while preserving his

ability to appeal from the denial of his motion to suppress evidence.  Botta contends

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable John A. Jarvey, United States District Judge for the
Southern District of Iowa, sitting by designation.

that the police failed to comply with search warrant protocol that required an initial on-site review of his computer equipment and storage devices to determine whether they contained material depicting child pornography.

The district court did not err in denying the motion to suppress as it relates to the search of the computer. The search warrant protocol required an initial on-site review of computer equipment only if the review could be conducted in a reasonable amount of time and without jeopardizing the ability to preserve data as a condition to the seizure of the equipment. *United States v. Adjani*, 452 F.3d 1140, 1149–50 (9th Cir.), *cert. denied*, 549 U.S. 1025 (2006) (an on-site review is not always required). The computer forensic officer brought the equipment necessary for a typical on-site search but determined that an on-site search at Botta's residence would take an unreasonable amount of time. *United States v. Hill*, 459 F.3d 966, 975 (9th Cir. 2006), *cert. denied*, 549 U.S. 1299 (2007) (on-site searches of personal computers are not always possible). Because the computer was unusually sophisticated and required additional "write block" equipment, the officer's decision to seize Botta's computer and conduct an off-site search was reasonable and complied with the warrant protocol. *See, e.g.*, *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1171–72 (9th Cir. 2010) (en banc) (per curiam) (finding no error in agent's determination that computer directory could not be searched and segregated on-site).

2

The seizure of the CDs was also proper, and the district court did not err in denying the motion to suppress on that ground. Botta returned to his home during the search and told the officer that the CDs contained child pornography. An initial review was no longer necessary following that admission. Also, the seizure did not violate the search warrant protocol because an on-site search of more than seventy CDs would have taken an unreasonable amount of time. *Adjani*, 452 F.3d at 1149–50.

**AFFIRMED.**